**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRE M. ADAMS,** | : | |
|     **Petitioner** | : | |
| | : | **No. 1:19-cv-1455** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **SUPERINTENDENT** | : | |
| **SCI HUNTINGDON, et al.,** | : | |
|     **Respondents** | : | |

**MEMORANDUM**

On August 22, 2019, pro se Petitioner Andre M. Adams ("Petitioner"), who is presently confined at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)  Following an Order to show cause (Doc. No. 6), and after receiving an extension of time to do so (Doc. Nos. 8, 9), on November 22, 2019, Respondents filed a motion to dismiss (Doc. No. 10) Petitioner's § 2254 petition as untimely.  After receiving an extension of time (Doc. Nos. 13, 14), Petitioner filed a brief in opposition on February 24, 2020 (Doc. No. 16).  To date, Respondents have filed neither a reply nor a motion seeking an extension of time to do so.  Accordingly, because the time period for filing a reply brief has expired, the motion to dismiss (Doc. No. 10) is ripe for disposition.

**I.     BACKGROUND**

    **A.     Background**

On January 10, 2013, following a jury trial, Petitioner was convicted of thirty (30) counts of possession of a controlled substance with intent to deliver, one count of criminal conspiracy, and seven (7) counts of criminal use of a communication facility.  See Commonwealth v. Adams,

Docket Nos. CP-14-CR-0000355-2012 & CP-14-CR-0001228-2012 (Centre C.C.P.).[1] On February 12, 2013, the trial court sentenced him to an aggregate term of a minimum of seventy-nine (79) years and a maximum of 158 years' incarceration. See id. Petitioner filed a timely appeal to the Superior Court of Pennsylvania. See id. On June 15, 2015, the Superior Court vacated Petitioner's judgment of sentence and remanded the matter for resentencing after concluding that the imposed sentence was unconstitutional pursuant to Alleyne v. United States, 570 U.S. 99 (2013).[2] See Adams v. Miller, No. 767 MDA 2015, 2015 WL 6871185, at *1 (Pa. Super. Ct. Nov. 6, 2015). On August 25, 2015, the trial court resentenced Petitioner to an aggregate term of a minimum of forty-five (45) years and a maximum of ninety (90) years' incarceration. See Adams, Docket Nos. CP-14-CR-0000355-2012 & CP-14-CR-0001228-2012.

While his appeal was pending, Petitioner filed a "petition for writ of habeas corpus subjiciendum," arguing that "the criminal statutes he was found guilty of violating are unconstitutional due to the lack of an enacting clause." See Adams, 2015 WL 6871185, at *1. The trial court denied the petition by an order dated April 17, 2015. See id. The trial court also noted that if Petitioner's petition were construed as a petition pursuant to the Post Conviction Relief Act ("PCRA"), it would have been dismissed as premature in light of Petitioner's direct appeal. See id. On November 6, 2015, the Superior Court affirmed the trial court's order, noting

---

[1] In a habeas proceeding, federal courts may take judicial notice of state court records. See Minney v. Winstead, Civ. No. 12-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing Petitioner's § 2254 petition, the Court takes judicial notice of the publicly-available dockets of Petitioner's criminal and collateral post-conviction proceedings in the Court of Common Pleas of Centre County and the Pennsylvania Superior Court.

[2] In Alleyne, the United States Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." See Alleyne, 570 U.S. at 102.

that Petitioner's claim was cognizable under the PCRA and that his petition, construed as one brought pursuant to the PCRA, was premature. See id. at *3.

After resentencing by the trial court, Petitioner appealed his new judgment of sentence to the Superior Court. See Adams, Docket Nos. CP-14-CR-0000355-2012 & CP-14-CR-0001228-2012. On December 2, 2015, the Superior Court dismissed his appeal for failure to comply with Pennsylvania Rule of Appellate Procedure 3517.[3] (Doc. No. 10-1 at 3.) Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

The trial court's docket indicates that Petitioner filed a PCRA petition on October 29, 2015. See Adams, Docket Nos. CP-14-CR-0000355-2012 & CP-14-CR-0001228-2012. Counsel was appointed to represent Petitioner, and after receiving several extensions of time, counsel filed an amended PCRA petition on December 30, 2016. See id. Petitioner alleged that appellate counsel was ineffective for failing to raise the following five (5) issues on appeal: (1) Petitioner's Sixth Amendment rights were violated when the trial court forced him to proceed to trial as a pro se defendant; (2) the trial court improperly removed Petitioner from the jury selection process and forced standby counsel to select the jury; (3) Petitioner's right to a speedy and prompt trial was violated; (4) the Commonwealth "engaged in sentencing manipulation by prolonging their investigation so as to increase [the number of] mandatory sentence[s]" against Petitioner; and (5) Petitioner was entrapped as a matter of law. (Doc. No. 10-5 at 4.) On

---

[3] Rule 3517 states:

> Whenever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal. Failure to file a docketing statement may result in dismissal of the appeal.

Pa. R. App. P. 3517.

September 7, 2017, the PCRA court denied Petitioner's petition. (Id.) On September 24, 2018, the Superior Court affirmed the denial of Petitioner's PCRA petition. (Id. at 2.) On July 8, 2019, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. (Doc. No. 10-6 at 5.) Petitioner subsequently filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 22, 2019. (Doc. No. 1.)

### B. Petitioner's Habeas Claims

Petitioner did not use this Court's form for filing his § 2254 petition and, therefore, it is difficult for the Court to discern the claims for relief that Petitioner is raising. The Court's liberal reading of the § 2254 petition, however, reveals the following claims for relief:

1. Appellate counsel was ineffective for failing to assert on direct appeal that Petitioner's Sixth Amendment right to counsel was violated when he was forced to proceed pro se and when he was removed from jury selection; and

2. Appellate counsel was ineffective for failing to assert on direct appeal that Petitioner's right to a speedy and prompt trial was violated.

(Id.)

## II. LEGAL STANDARD

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." See Dunn v. Colleran, 247 F.3d 450, 468 (3d Cir. 2001) (quoting Calderon v. Coleman, 525 U.S. 414, 146 (1998)). The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism. See Engle v. Isaac, 456 U.S. 107, 128 (1982). "The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." Id. States also have a recognized interest in the finality of

convictions that have survived direct review within the state court system.  See Brecht v. Abrahamson, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States."  See 28 U.S.C. § 2254(a).  If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

### III.  DISCUSSION

As noted supra, Respondents have filed a motion to dismiss Petitioner's § 2254 petition as untimely filed pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under 28 U.S.C. § 2244(d), a state prisoner is subject to a one-year statute of limitations for the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254.  This statute provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d).

Under this statute of limitation, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final. See 28 U.S.C. § 2244(d)(1)(A). In the instant case, the applicable starting point for the statute of limitations is the "conclusion of direct review or the expiration of the time for seeking such review." See id. In the instant case, the Superior Court dismissed Petitioner's appeal from his judgment of sentence on December 2, 2015. (Doc. No. 10-1 at 3.) Petitioner did not seek further appellate review from the Supreme Court of Pennsylvania. Consequently, his judgment of sentence became final on January 4, 2016, thirty (30) days after he could have sought allowance of appeal of the Superior Court's decision. See Kuehner v. Commonwealth, Civ. No. 3:14-0800, 2016 WL 1595389, at *4 (M.D. Pa. Apr. 20, 2016). Therefore, Petitioner had one (1) year from January 4, 2016, or until January 4, 2017, to timely file a federal habeas petition. The instant § 2254 petition was filed on August 18, 2019, when Petitioner asserts he placed it in the prison mailing system for mailing to this Court. (Doc. No. 1 at 21); see also Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a prisoner's document is filed at the time he places it in the prison mailing system for forwarding to the court). Therefore, unless it is subject to statutory or equitable tolling, it is jurisdictionally time-barred.

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly-filed state post-conviction proceedings are pending in any state court.  See 28 U.S.C. § 2244(2).  An application for state post-conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  See Artuz v. Bennett, 431 U.S. 4, 8 (2000).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Id.  A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."  See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

Respondent indicates that Petitioner filed a timely PCRA petition on December 30, 2016, "albeit just a few days before the one-year period to file a PCRA petition expired on January 4, 2017."  (Doc. No. 10 at 3.)  Respondent concedes that this PCRA petition was properly filed and, therefore, "tolled the one-year statute of limitations to file a federal habeas petition."  (Id.)  Respondent maintains, however, that Petitioner's § 2254 petition is untimely, stating that:

> 361 days expired from the conclusion of direct review in state court on January 4, 2016 and [Petitioner's] filing of his timely PCRA petition on December 30, 2016, and 45 days expired from the conclusion of PCRA review on July 8, 2019 and [Petitioner's] filing of his habeas petition on August 22, 2019, constituting a habeas petition filed 404 days after it could have been filed.

(Id. at 4.)  In response, Petitioner contends that the "AEDPA time clock was stopped" on October 29, 2015, when he filed his pro se PCRA petition.  (Doc. No. 16 at 1.)  In support of his argument, Petitioner has attached a copy of the PCRA court's November 15, 2017 order appointing counsel to represent Petitioner and granting leave to file an amended PCRA petition.  (Id. at 3.)

The Court agrees with Petitioner that the one-year limitations period under AEDPA was tolled as of October 29, 2015, when he filed a pro se PCRA petition. The Court notes that Petitioner filed his pro se PCRA petition prior to the Superior Court's December 2, 2015 dismissal of his direct appeal from his judgment of sentence. Generally, "premature petitions are not properly filed and cannot give rise to statutory tolling." See Kennedy v. Dist. Atty. of Cty. of Chester, No. 16-2254, 2016 WL 10644557, at *3 (E.D. Pa. Sept. 28, 2016), report and recommendation adopted, 2017 WL 5952153 (E.D. Pa. Nov. 30, 2017). At no time, however, did the PCRA court conclude that Petitioner's pro se PCRA petition was prematurely filed. Instead, the PCRA court accepted Petitioner's PCRA petition, appointed counsel, and granted several extensions of time for counsel to file an amended PCRA petition. (Doc. No. 16 at 3); see also Adams, Docket Nos. CP-14-CR-0000355-2012 & CP-14-CR-0001228-2012.[4] The Court, therefore, concludes that Petitioner is entitled to statutory tolling for the period from October 29, 2015, when he filed his pro se PCRA petition, until July 8, 2019, when the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal.

As noted above, the one-year limitations period under AEDPA did not begin running until January 4, 2016, when Petitioner's judgment of conviction became final. Thus, pursuant to the Court's conclusion above, the limitations period was statutorily tolled until July 8, 2019, when Petitioner's PCRA proceedings concluded. Thus, only forty-one (41) days of the limitations period passed before Petitioner filed his § 2254 petition on August 18, 2019, the date on which he placed it in the prison mailing system for mailing to this Court. (Doc. No. 1 at 21.)

---

[4] If the PCRA court had determined that Petitioner's pro se PCRA petition was prematurely filed, this Court would be bound by that determination. See Merritt v. Blaine, 326 F.3d 157, 165-68 (3d Cir. 2003).

8

Accordingly, Petitioner's § 2254 petition is timely and Respondents' motion to dismiss will be denied.

**IV.    CONCLUSION**

For the foregoing reasons, Respondents' motion to dismiss (Doc. No. 10) Petitioner's § 2254 petition (Doc. No. 1) as untimely filed will be denied.  The Court will direct Respondents to file an answer addressing the merits of Petitioner's claims.[5]  An appropriate Order follows.

---

[5] In their brief in support of their motion to dismiss, Respondents state that "[i]f this Court denies [the] motion to dismiss and decides to reach the merits of [Petitioner's] habeas petition, Respondent[s] respectfully request[] leave to file an answer to the merits of [Petitioner's] habeas petition."  (Doc. No. 12 at 6 n.1.)